1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDEN WILLIE ISELI,                    No.  2:23-cv-0067 DB P

12                Plaintiff,

13         v.                                 ORDER

14   THE ALEG,

15                Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims his right have been violated based on his housing status.

19   Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2.) and his

20   complaint (ECF No. 1) for screening.  For the reasons set forth below, the undersigned will grant

21   the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

22                                **IN FORMA PAUPERS**

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

24   § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

26   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                               1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

SCREENING

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. <u>Bivens</u>, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff is presently incarcerated at California State Prison, Sacramento. He has indicated the alleged rights violations occurred at "All of the Above." (ECF No. 1 at 1.)

Plaintiff alleges that "Special Forces, Arm. Forces, Secret Service, and all of the above, Central Inteliance [sic], C.I.A., All that apply to such [illegible] of herrassment [sic] and ALEG uniforms, Secreate [sic] service As well, and due to such pending case numbers that are currently

active is that obstruction of some sort AND all of the above? Would that label them sex affenders [sic] if invading privacy?" (Id. at 3.)  He also mentions harassment akin to a home invasion.  (Id. at 4.)  Finally, plaintiff appears to seek a housing or custody status change.  He alleges "safety concern due to such and yard politics, [he] can no longer be in the general population, and need to be put on singel [sic] cell status, and if posible [sic] granted specale [sic] privileges [sic] for such that arnt [sic] allowed in the S.H.U."  (Id. at 5.)

In relief, plaintiff seeks in part, to be put on single cell status with an extension cord, storage bins, an extra fan, and extra privileges.  (Id. at 6.)

**III.     Does Plaintiff State a Claim under § 1983?**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

The complaint does not contain any allegations connecting the alleged rights violations to any specific defendant.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between the defendant's actions and the alleged rights violation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In any amended complaint, plaintiff should connect the alleged rights violations to a defendant.

Plaintiff's allegations mention alleged invasions of privacy.  (ECF No. 1 at 3.)  Plaintiff is advised that "[t]he Fourth Amendment prohibits only unreasonable searches."  Bell v. Wolfish, 441 U.S. 520, 558 (1979).  However, in the prison context, the reasonableness of a search requires the "[b]alancing [of] the significant and legitimate security interests of the institution against the privacy interests of the inmates[.]"  Id. at 560.  Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Id. at 547.  If plaintiff files an amended complaint, he should specify the nature of the alleged invasion of privacy.

1      Plaintiff also appears to challenge his custody status in general population.  (ECF No. 1 at

2  5.)  However, plaintiff is advised that inmates do not have a right to a particular classification or

3  custody level under the Due Process Clause.  See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir.

4  2007) (concluding California prisoner does not have liberty interest in residing at a level III

5  prison as opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.

6  1987) ("'[A] prisoner has no constitutional right to a particular classification status.'") (quoting

7  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)).

8                                **AMENDING THE COMPLAINT**

9      As set forth above, the complaint does not state a potentially cognizable claim.  However,

10  plaintiff will have the opportunity to file an amended complaint.  Plaintiff is advised that in an

11  amended complaint he must clearly identify each defendant and the action that defendant took

12  that violated his constitutional rights.  The court is not required to review exhibits to determine

13  what plaintiff's charging allegations are as to each named defendant.  The charging allegations

14  must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

15  is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.

16  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

17      Any amended complaint must show the federal court has jurisdiction, the action is brought

18  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

19  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

20  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

21  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

22  of a constitutional right if he does an act, participates in another's act or omits to perform an act

23  he is legally required to do that causes the alleged deprivation).

24      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

25  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

26  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

27  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

28  ////

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

6

1    5.  Failure to comply with this order will result in a recommendation that this action be

2  dismissed.

3  Dated:  May 17, 2023

4

5

6                                            DEBORAH BARNES
                                            UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12  DB:12
    DB/DB Prisoner Inbox/Civil Rights/S/isel0067.scrn

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28